UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED JUN 13 2022

CAROL L. MICHEL
CLERK

Tarsher L. Thimes )  Civil Action
 ) NO.
 )        22-1748
-vs- ) Judge
 )
THE ADMINISTRATORS OF THE ) Magistrate Judge
TULANE EDUCATIONAL FUND ) Jury Trial Demanded

SECT. H MAG. 4

**COMPLAINT**

NOW INTO COURT, comes plaintiff, TARSHER L. THIMES, who, for claim against defendant, The Administrators of the Tulane Educational Fund ("Tulane"), avers as follows:

PARTIES

1.

Tarsher L Thimes was employed by defendant, Tulane, as The Insurance and Revenue Manager at Tulane University Campus Health. Tarsher I. Thimes was originally recruited by Tulane on January 04, 2019. Tarsher L. Thimes was hire with over 29 years' experience in Medical Revenue Cycle Management and was hired to develop, implement and oversee all aspects of Tulane University Campus Health Third-Party Billing Team

2.

Tarsher L. Thimes is a black female citizen of the United States

3.

She is the first and only black female Insurance and Revenue Manager at Tulane University Campus Health

4.

Defendant, The Administrators of the Tulane Educational Fund ("Tulane"), is a corporate citizen of Louisiana, and, in that capacity, operates and is responsible for the acts of the Tulane University Campus Health

5.

While not named as defendants herein, the conduct complained of was orchestrated and carried out by Scott Tims who served as The Assistant Vice President over Tulane University Campus Health which gave him authority and power over Tarsher L. Times and her working conditions and environment. AVP Scott Tims likewise had control and power over Tarsher L. Thimes, position, and employment.

TENDERED FOR FILING

JUN 13 2022

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

## JURISDICTION/VENUE

6.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as Tarsher L. Thimes's claims arise under 42 U.S.C. § 2000(e), Title VII of the Civil Rights Act of 1964

7.

The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Tarsher L. Thimes's Louisiana state law claims.

8.

Venue is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claims occurred in this District and as each defendant resides in this District.

9.

Tarsher L. Thimes has complied fully with all prerequisites under Title VII and has received a Right to Sue Letter.

## CAUSES OF ACTION

10.

In addition to her federal claims brought pursuant to and under 42 U.S.C. § 2000(e), Tarsher L. Thimes also brings claims against Tulane for wrongful termination, abuse of rights, and discrimination, harassment, the creation of a hostile work environment, and retaliation in violation of Louisiana's antidiscrimination laws at La. R.S. 23:332.

OPERATIVE FACTS

11.

At all times from January 4, 2018, to October 2, 2020, Tarsher L. Times has been The Insurance and Revenue Manager for Tulane University Campus Health

12.

During the course of her service to the University Tarsher L. Thimes observed and has been burdened by many acts of discrimination and the creation of an ongoing conduct constituting a race and gender based hostile work environment which have adversely impacted her employment, position, duties, responsibilities, authority, service, and pay.

13.

As she complained about race and gender-based discrimination, she was subjected to retaliation through change removal of private workspace, made to share office with three other people during the height of the Covid19 pandemic in 2020. Then laid off permanently on October 2, 2020, in retaliation for filing her complaint with EEOC on August 31, 2020.

14.

From January 2019 to October 2020, Tulane under Assistant Vice President of Tulane University Campus Health Scott Tims held over 50 decision making meetings regarding Campus Health Third Party-Billing that as the Revenue and Insurance Manager Tarsher L Thimes an African American Woman was in charge of but Assistant Vice President Scott Tims purposely and intentionally excluded Tarsher over 50 times electing for Brian Fath a Billing Consultant and Caucasian Male to be the only person allowed to speak to AVP Scott Tims about Campus Health Third Party-Billing. Brian Fath would on a weekly basis obtain all the Third Party-Billing information from Tarsher L Thimes and her team as instructed by Mr. Scott Tims then report that information to him. Brian Fath is **not** a Tulane University employee. Brian Fath did not work in any aspect of Third-party billing such as Claims Processing, Claims Submission, Rejection, Denials, Appeals, Claims Resubmissions, or any other aspect of billing that generates revenue for Tulane University Campus Health. AVP Scott Tims excluded Tarsher L Thimes from meeting solely because her race and gender and included Brian Fath a Billing Consultant because he was a Caucasian Male.

15.

Tulane under AVP Scott Tims appropriates more continual education funding to Caucasian employees than to African American employees. Each fulltime Staff is granted by Tulane University Campus Health up to $1200 each FY (July1st to June 31st) to use towards professional development "pending" on Director's approval. Tulane University Campus Health Directors under AVP Scott Tims Authority deny, limit, and misinform African American Employees about the funding while approving over the limit funding for Caucasian employees. This discrimination has continually happened for the last 2 years.

16.

2019-2020 Campus Health Budget Dir of Operations and Aux Services at Campus Health, Caucasian **Director** of Finical Service and Health Data Analyst of The Well for Health Promotion all went to a 3-day training in December 2019 out of state for BI (Business Intelligence Training) each person trip cost Campus Health approx. $2,700.00 each totaling approx. $8,100.00. All Caucasian and all approved by Tulane under Assistant Vice President of Tulane University Campus Health Scott Tims. Same Budget 2019-2020 Campus Health Budget **Director** of Finical Service denied Tarsher L. Thimes continual education request to purchase the Certified Associate in Project Management (CAPM) training and certification $300.00 she said it was not job related. 2019-2020 Budget Tarsher L. Times was excluded from the Business Intelligence Training a program she used everyday for her job functions and instead that training was given to three Caucasian employees that never used the program and did not train the Insurance and Revenue Manager or the Billing Team (all African American) in the functions of the system.

17.

After filing a complaint on June 11, 2020, with Tulane University OIE department regarding the racial and gender base discrimination that myself and my team were receiving. I was retaliated against, and

my private workspace was taken away and my entire team was relocated into one office in the middle of the Covid-19 pandemic. On July 23, 2020, myself and another African American woman on the Billing Team returned to work for COVID-19 testing as we prepared for our permanent return from working from home on August 3, 2020. In this visit it was clear to us from the dead bugs in the ceiling lights, dirty carpet and the dust on every piece of furniture that this office had not even been cleaned and disinfected to prevent the spread of COVID-19. The entire "Billing Team" all African American women were placed in one office. This office space was originally built to house one person and was equal to and/or smaller than AVP Scott Tims office space and Dir of Operations and Aux Services at Campus Health office space which they occupy alone. There were no physical dividers, and the team was stacked on top of each other. There was only one input and output of air ventilation, and we are not six feet apart. I was the only Manager in Tulane university Campus Health that had been moved into a three-person office and the only Manager that was forced to share her office space with her direct reports. Tulane under Assistant Vice President of Tulane University Campus Health Scott Tims endangered my life and lives of my employees and in direct violation of the Student Affairs and CDC Guidelines in retaliation of me filing a discrimination complaint.

18.

After Tulane University OIE Department determined that Tulane under Assistant Vice President of Tulane University Campus Health Scott Tims had not discriminated against me, I file with EECO on August 31, 2020. Then in September of 2020 I was informed vis a zoom meeting with under Assistant Vice President of Tulane University Campus Health Scott Tims that my position was being eliminated effective October 2, 2020. I was terminated in retaliation of filing a discrimination charge against Tulane.

19.

The foregoing demonstrates Tarsher L. Thimes has endured an ongoing pattern of discrimination, harassment, and a hostile environment by and through numerous separate, continuous, and cumulating acts of retaliation and abuse which diminished her responsibilities, status, position, and deprive her of access to needed tools, information, and resources needed to fulfill her responsibilities, and which comprise an ongoing active attempt to drive her from her position inside the University, all in violation of Title VII, 42 U.S.C. § 2000(e)

20.

Tarsher L. Thimes has been damaged to the extent she has been denied appropriate compensation as The Insurance and Revenue Manager and is entitled to back pay to compensate for her wage loss and benefits loss.

21.

As a result of the violations, Tarsher L. Thimes is entitled to receive front pay, back pay, compensatory damages, punitive damages, attorney's fees, and costs.

## VIOLATION OF THE LOUISIANA ANTI-DISCRIMINATION STATUTES THROUGH INTENTIONAL DISCRIMINATION IN EMPLOYMENT

22.

Tarsher L. Thimes realleges and incorporates each of the allegations of this Complaint in their entirety as if set forth in this paragraph in their entirety.

23.

Louisiana law, including La. R.S. 23:332, makes it unlawful for an employer to intentionally discriminate against any individual with respect to compensation or terms, conditions or privileges of employment because of that individual's race, color, religion, sex or national origin.

24.

Through unlawful race and gender discrimination against Tarsher L. Thimes, through the creation of a hostile environment, harassment and retaliation against Ms. Thimes in her job duties, responsibilities, and opportunities, and by ultimately terminating Ms. Thimes Assistant Vice President Scott Tims, Tulane has violated Louisiana law. 188. As a result of Tulane's unlawful acts, Tarsher L. Thimes is entitled to receive front pay, back pay, compensatory damages, attorney's fees, and costs.

## ABUSE OF RIGHTS

25.

Tarsher L. Thimes restates in her entirety and incorporates herein each of the prior allegations of this Complaint as if copied in their entirety in this paragraph

26.

Louisiana civilian tradition recognizes a cause of action for abuse of rights when, inter alia, actions even if otherwise not unlawful when the actions are immoral or unconscionable.

27.

Abuse of rights has been recognized as a viable cause of action in connection with employment conditions in the workplace.

28.

The cause of action for abuse of rights as recognized in Louisiana applies when one of the four following conditions is met:

        (1) If the predominant motive for it was to cause harm.

        (2) If there was no serious or legitimate motive for refusing.

        (3) If the exercise of the right to refuse is against moral rules,

           good faith or elementary fairness; or

(4) If the right to refuse is exercised for a purpose other than for which it was granted

29.

Based upon the facts set forth hereinabove and incorporated in this count, the actions of Tulane constituted an abuse of rights for which Tarsher L. Thimes is entitled to all general and special damages, including loss of income and benefits, and general damages.

### DEMAND FOR TRIAL BY JURY

30.

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, Dr. Princess Dennar, demands a trial by jury on all questions of fact the Complaint raises.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Tarsher L. Thimes, prays that this Complaint be served and that after defendant answers and all proceedings are had herein, there be judgment in favor of plaintiff, Tarsher L. Thimes, and against defendant, The Administrators of the Tulane Educational Fund, such that plaintiff receives an award of the following, to be determined at trial or as otherwise appropriate:

a. An award of back pay, front pay, punitive damages, emotional distress-based damages, lost benefits, and other damages Tarsher L. Thimes suffered to be determined at trial under Title VII, the Louisiana Employment Discrimination law and as a result of the abuse of rights;

b. An award of prejudgment and post-judgment interest;

c. An award of costs and expenses of this action together with reasonable attorney's fees and expert fees; and

d. Such other relief as this Court deems just and proper.

Respectfully submitted,

Dated: 06 /13 /2022

*[signature]*

Tarsher L. Thimes
2509 Giuffrias unit# 603
Metairie LA 70001
P: 318-589-9293
Email: tthimes@gmail.com

## LAEDdb_ProSeDocs

| | |
|---|---|
| **From:** | Tarsher Thimes <tthimes@gmail.com> |
| **Sent:** | Monday, June 13, 2022 3:00 AM |
| **To:** | LAEDdb_ProSeDocs |
| **Subject:** | New Civil Case Tarsher Thimes vs Tulane |
| **Attachments:** | Tarsher Thime vs Tulane Complaint 06.13.2022.pdf; Closure+Notice-NRTS+(14) (3).pdf |

**CAUTION - EXTERNAL:**

Good Morning,

By way of introduction, my name is Tarsher L Thimes and I am at this time filing this Civil Complaint representing myself. I believe I have followed the directions laid out by your website in filing the case but if any additional information is needed please don't hesitate to contact me. For your filing purpose, I have enclosed the complaint as well as my "Right to Sue" letter from the EEOC.

My Contact Information

Tarsher Thimes
2509 Giuffiaris unit# 603
Metairie, LA 70001
P: 318-589-9293
email: tthimes@gmail.com

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1