UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TARSHER L. THIMES<br>*Plaintiff* | * | CIVIL ACTION NO. 22-1748 |
| vs. | * | JUDGE JANE TRICHE MILAZZO (H) |
| THE ADMINISTRATORS OF THE<br>TULANE EDUCATIONAL FUND<br>*Defendant* | * | MAGISTRATE JUDGE<br>KAREN WELLS ROBY (4) |

## ANSWER AND DEFENSES BY THE ADMINISTRATORS OF THE TULANE EDUATIONAL FUND

**NOW INTO COURT**, through undersigned counsel, comes Defendant, The Administrators of the Tulane Educational Fund [hereinafter "Tulane"], who respectfully submits this Answer to Plaintiff's Complaint:

### 1.

For answer to the allegations in Paragraph 1, Defendant admits that Plaintiff began work at Tulane on January 04, 2019, and that her job title was Manager, Insurance and Revenue, and denies the remaining allegations as worded.

### 2.

The allegations in Paragraph 2 are admitted.

### 3.

The allegations in Paragraph 3 are denied for lack of sufficient information to justify belief therein.

### 4.

The allegations in Paragraph 4 are admitted.

5.

The allegations in Paragraph 5 are denied, except to admit that Dr. Scott Tims' job title was Assistant Vice President.

6.

For answer to the allegations in paragraph 6, Defendant avers that jurisdiction and venue are not contested.

7.

For answer to the allegations in paragraph 7, Defendant avers that jurisdiction and venue are not contested.

8.

For answer to the allegations in paragraph 8, Defendant avers that jurisdiction and venue are not contested.

9.

The allegations in Paragraph 9 are denied, except that Defendant admits that the EEOC issued a right to sue letter on March 17, 2022.

10.

The allegations in paragraph 10 do not require an answer by Defendant, but liability to Plaintiff is fully denied.

11.

The allegations in paragraph 11 are denied.

12.

The allegations in Paragraph 12 are denied.

**13.**

The allegations in Paragraph 13 are denied.

**14.**

The allegations in Paragraph 14 are denied.

**15.**

The allegations in Paragraph 15 are denied.

**16.**

The allegations in paragraph 16 are denied.

**17.**

The allegations in paragraph 17 are denied.

**18.**

The allegations in Paragraph 18 are denied, except that Defendant admits that Plaintiff filed a charge of discrimination with the EEOC, and further admits that Plaintiff's position was eliminated.

**19.**

The allegations in Paragraph 19 are denied.

**20.**

The allegations in Paragraph 20 are denied.

**21.**

The allegations in Paragraph 21 are denied.

**22.**

For answer to the allegations in Paragraph 22, Defendant reavers its answers set forth above.

**23.**

For answers to the allegations in Paragraph 23, which call for a legal conclusion, Defendant avers that the wording of the referenced statute is the best evidence of its contents.

**24.**

The allegations in Paragraph 24 are denied.

**25.**

For answer to the allegations in Paragraph 25, Defendant reavers its answers set forth above.

**26.**

The allegations in Paragraph 26 are denied.

**27.**

The allegations in Paragraph 27 are denied due to the vagueness thereof.

**28.**

The allegations in Paragraph 28 are denied because they call for a legal conclusion.

**29.**

The allegations in Paragraph 29 are denied.

**30.**

The prayer for trial by jury in Plaintiff's Complaint requires no response, except that Defendant notes that the request is made on behalf of a person who is not the Plaintiff and is thus of questionable validity herein. Defendant further denies that Plaintiff is entitled to the remedies sought in her Prayer for Relief.

AND NOW, further answering, Defendant avers as follows:

### 31.
### First Affirmative Defense

Plaintiff fails to state a cause of action, or any claim, upon which relief can be granted.

### 32.
### Second Affirmative Defense

All or, alternatively, some of Plaintiff's claims may be prescribed under the applicable prescriptive periods, as will be further shown during discovery in this case.

### 33.
### Third Affirmative Defense

Plaintiff has been treated at all times in accordance with lawful, published uniform policies, procedures, rules and practices, as are all Tulane employees, regardless of their protected status. All employment decisions with respect to Plaintiff were made in good faith and with good cause, and Plaintiff was treated the same as any other similarly-situated employee. Tulane has not engaged in any acts, practices, policies, customs, or usages which have unlawfully denied, abridged, withheld, conditioned, limited, segregated, classified or otherwise interfered with the rights of Plaintiff. The challenged actions were justified by legitimate, non-discriminatory, non-retaliatory reasons.

### 34.
### Fourth Affirmative Defense

Plaintiff has failed to mitigate, or reasonably attempt to mitigate, her damages, if any she has.

### 35.
### Fifth Affirmative Defense

Plaintiff's damages, if any she has, were caused by her own comparative fault, negligence or intentional acts, or the negligence or intentional acts of others, for which Defendant is not liable.

### 36.
### Sixth Affirmative Defense

Plaintiff's claims are barred because, at all times material herein, Tulane had in place well promulgated policies prohibiting inappropriate, unprofessional conduct, harassment, discrimination and retaliation, and took appropriate, prompt, effective remedial action in response to Plaintiff's complaints.

### 37.
### Seventh Affirmative Defense

Plaintiff is not entitled to liquidated damages because any alleged acts or omissions of Defendant were undertaken or made in good faith, and upon reasonable grounds for believing that the act(s) or omission(s) did not violate the law.

### 38.
### Eighth Affirmative Defense

Plaintiff's retaliation claims are barred because she failed to follow the legal prerequisites to preserve such claims.

### 39.
### Ninth Affirmative Defense

Plaintiff's Louisiana Employment Discrimination Law claims are barred because Tulane is not an "employer" as defined therein.

**40.**
**Tenth Affirmative Defense**

Plaintiff's tort claims are barred under the applicable statute of limitations.

**41.**
**Eleventh Affirmative Defense**

Defendants are entitled to reasonable attorneys' fees and costs incurred in defending against Plaintiff's frivolous claims.

**WHEREFORE**, The Administrators of the Tulane Educational Fund prays that this Answer be deemed good and sufficient and that, after all due proceedings are had, judgment be rendered herein in favor of Tulane and dismissing Plaintiff's claims with prejudice and at her cost. Further, Tulane requests all relief, equitable and legal, to which it is entitled.

Respectfully submitted,

/s/ Julie D. Livaudais
Julie D. Livaudais, T.A. (Bar No. 1183)
Rosalie M. Haug (Bar No. 37720)
-of-
**CHAFFE McCALL, LLP**
1100 Poydras Street, Suite 2300
New Orleans, LA 70163-2300
Telephone: (504) 585-7000
Telefax: (504) 544-6054
Email: livaudais@chaffe.com
Email: haug@chaffe.com

*Attorneys for Defendant, The Administrators of the Tulane Educational Fund*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the foregoing Answer has this date been served on Plaintiff in these proceedings by:

| ( ) | Hand Delivery | ( X ) | Prepaid U.S. Mail |
| ( ) | Facsimile | ( ) | Federal Express |
| ( X ) | CM/ECF | | |

Dated this the 17th day of August, 2022.